**VIRGINIA:**

## IN THE CIRCUIT COURT OF ARLINGTON COUNTY

| | |
|---|---|
| DAHLIA DIXON<br>6360 WINDSOR LAKE CIRCLE<br>SANFORD, FL 32773<br><br>*Plaintiff,*<br><br>v.<br><br>LYFT, INC.<br>185 BERRY STREET., SUITE 5000<br>SAN FRANCISCO, CA 94107<br><br>&<br><br>BEATRIZ JACOBO-ALVIDREZ<br>13301 HILLENDALE DRIVE<br>WOODBRIDGE, VA 22193<br><br>*Defendants* | Civil Action No.: _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Dahlia Dixon, by counsel, seeks Judgment against Defendants Lyft, Inc. and Beatriz Jacobo-Alvidrez on the grounds and in the amount set forth herein for injuries she sustained in an automobile collision caused by the negligence of Defendants on February 28, 2019.

## PARTIES

1. Plaintiff Dahlia Dixon is a resident and domiciliary of the State of Florida.

2. Defendant Beatriz Jacobo-Alvidrez is resident and domiciliary of the Commonwealth of Virginia.

EXHIBIT A

3. Defendant Lyft, Inc. is a California corporation which regularly conducts business in the Commonwealth of Virginia and maintains a registered agent in the Commonwealth of Virginia.

4. For the purposes of this action, and the allegations contained herein, Defendant Lyft, Inc. is a Virginia Common Carrier which must exercise the highest degree of care for the safety of its passengers.

## VENUE

5. Venue is proper under Va. Code Ann. § 8.01-262(4) as the cause of action arose in Arlington County, Virginia.

## FACTUAL ALLEGATIONS

6. On or about February 28, 2019, in Arlington County, Virginia, Plaintiff Dahlia Dixon was a belted passenger in a vehicle operated by Defendant Jacobo-Alvidrez who was operating her vehicle in her capacity as a driver for Defendant Lyft, Inc.

7. Plaintiff Dixon was at all times relevant a customer of Defendant Lyft, Inc. which she hired to provide common carrier and transportation services.

8. On or about February 28, 2019, in Arlington County, Virginia, Defendant Jacobo-Alvidrez negligently caused the vehicle she was operating to strike another vehicle causing injury to Plaintiff, who was a passenger in Defendant Jacobo-Alvidrez' vehicle.

9. At the time of the collision, and at all other times relevant, Defendant Jacobo-Alvidrez was acting within the scope of her employment and/or agency for and on behalf of Defendant Lyft, Inc., and in furtherance of Lyft's business and pecuniary interests.

10. As a result of the collision, Plaintiff suffered severe, painful, and permanent personal injuries and other pecuniary losses.

## COUNT I
### (Negligence)

11. Plaintiff adopts and incorporates all facts and allegations set forth above as if fully set forth herein.

12. At all times relevant to this action both Defendants owed Plaintiff a duty to use care to operate their vehicle in a reasonably safe manner, in accordance with the traffic laws of the Commonwealth of Virginia, including a duty to pay full time and attention, to avoid collision, to properly turn her vehicle, and a duty to keep a proper lookout.

13. Defendant Lyft, Inc. is a Virginia Common Carrier which owed Plaintiff a duty to exercise the highest degree of care for the safety of its passengers.

14. Defendant Jacobo-Alvidrez, individually, and as an agent and/or employee of Defendant Lyft, Inc., breached her duty of care when she negligently failed to operate her vehicle in a reasonably safe manner, negligently failed to operate her vehicle in accordance with the laws of the Commonwealth of Virginia, negligently failed to pay full time and attention, negligently failed to properly turn her vehicle, negligently failed to avoid collision, and negligently failed to keep a proper lookout.

15. At all times relevant to this action, Defendant Jacobo-Alvidrez was negligent, and her negligence was the direct and proximate cause of the collision and Plaintiff's resulting injuries and damages.

16. At all times relevant to this action, Defendant Jacobo-Alvidrez was an employee and/or agent of Defendant Lyft, Inc., acting in the scope of her employment, and in furtherance of Lyft, Inc.'s business interests.

EXHIBIT A

17. As a result of the Defendants' negligent breach of their duty of care, they proximately caused injury to Plaintiff, including physical pain and mental anguish, past, present, and that which she may reasonably be expected to suffer in the future, medical expenses, past, present, and that which she may be reasonably expected to suffer in the future, lost earnings, and loss of earning capacity, past, present, and that which she may be reasonably expected to suffer in the future, and other personal and pecuniary losses.

18. Defendant Lyft is liable for the negligence of its driver, Defendant Jacobo-Alvidrez, as she was operating within the scope and course of her agency and employment for and on behalf of Lyft.

WHEREFORE, Plaintiff respectfully demands judgment against Defendants, jointly and severally, in the sum of $750,000.00 (SEVEN HUNDRED AND FIFTY THOUSAND DOLLARS) plus interest from the date of this accident, pursuant to Virginia Code Section 8.01-382, plus prejudgment and his costs expended herein.

**A JURY TRIAL IS REQUESTED**

Respectfully submitted,

Dahlia Dixon

By: _____
**Paul H. Zukerberg, Esq.**, VA Bar #25420
ZUKERBERG & HALPERIN, PLLC
1790 Lanier Place NW
Washington, DC 20009
Tel: (202) 232-6400
Fax: (202) 232-5746
Email: paul@zukerberg.com

4

EXHIBIT A